**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WALTER MEJIAS GAMEZ,

Petitioner,

v. Case No. 1:26-cv-03112-MIS-GBW

GEORGE DEDOS, in his capacity as Warden of Torrance County Detention Facility; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Walter Mejias Gamez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 18, 2026. On October 5, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

The Petitioner is a citizen of Venezuela, who has resided in the United States since January 2022 or 2023. Pet. at 6; ECF No. 6-1. After his entry, Petitioner applied for protection under the Convention Against Torture, kept his appointments with U.S. Immigration and Customs Enforcement ("ICE"), and maintained employment since at least 2024. Pet. at 6. On November 9, 2025, Petitioner was in a Florida state jail, having been arrested for driving under the influence of alcohol or drugs. ECR No. 6-1. On April 1, 2026, after being convicted on related charges and upon apparent completion of his sentence, he was taken into custody by ICE. Pet. at 4; ECF No. 6-1. He has been detained ever since and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Pet. at 1.

More than four months after his detention, on August 11, 2026, an Immigration Judge held a bond hearing.[2] ECF No 6-3. The Immigration Judge denied Petitioner's request for release on bond stating only: "that the government has met its burden by clear and convincing evidence of Respondent's dangerousness and flight risk." Id. The Petitioner argues that his detention is unlawful "without a bond option" and that his prolonged detention violates his Fifth Amendment right to due process. Pet. at 2, 6.

On September 21, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already

[2] It is not clear what prompted Respondents to provide Petitioner with a bond hearing. In the Response, Respondents assert that Petitioner has not filed any other habeas petitions. Resp. at 1. Later, Respondents assert that Petitioner was no longer subject to mandatory detention under § 1225 and received a bond review pursuant to § 1226 "under the conditions outlined by this Court's Order (Doc. 19)." Id. at 3. The Court notes that Case Number 1:26-cv-03112-MIS-GBW appears to be the only case the Petitioner has filed in the District of New Mexico, and the Court's case management system shows that this docket ends with Respondent's Response at ECF No. 6. It is not clear to what Order the Respondents refer, which they seem to suggest prompted the belated bond hearing.

ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

**II. Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III. Discussion**

Although Petitioner asserts that he did not receive an individualized custody determination, Respondents provide evidence that he was provided a bond hearing. ECF No. 6-3. Respondents state, given the sparse details in the Petition, that they cannot discern whether Petitioner's assertion means that he alleges his bond hearing was constitutionally inadequate or whether he asserts he in fact did not have one. Thus, Respondents offer multiple reasons for the Court to deny the Petition.

First Respondents argue that Petitioner has not exhausted his administrative remedies because he has not appealed the Immigration Judge's bond determination to the Board of Immigration Appeals ("BIA"). Resp. at 2-3. In the Tenth Circuit, "[t]he exhaustion of available

administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation omitted). There is a narrow exception if the Petitioner "can demonstrate that exhaustion is futile." Id. (citation omitted). Courts have made exceptions to the exhaustion requirement where a petitioner's ultimate challenge is constitutional and not dependent on a predicate statutory argument. See Vicente Elias v. Mukasey, 532 F.3d 1086, 1094 (10th Cir. 2008); Gonzalez v. O'Connell, 355 F.3d 1010, 1017 (7th Cir. 2004); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Here, the Court, construing the Petition liberally, finds Petitioner alleges that the bond hearing was constitutionally inadequate; a claim the BIA lacks authority to review making any appeal futile.

Next, the Respondents argue that 8 U.S.C. §1226(e) strips the Court of jurisdiction to review discretionary judgments regarding the application of § 1226. Resp. at 3. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong v. Mullin, Case No. 1:26-cv-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026). An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate," id.

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle

> the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

There is no indication that the Immigration Judge considered these or any factors specific to this individual Petitioner when denying Petitioner bond. See ECF No. 6-3. While Petitioner received a bond hearing, the record before the Court does not suggest the hearing was constitutionally adequate under the Fifth Amendment as the Immigration Judge denied bond with a single sentence explanation stating, "the government has met its burden by clear and convincing evidence of Respondent's dangerousness and flight risk." ECF No. 6-3. That is merely a determination devoid of any analysis of the facts related to Petitioner. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision. Id.; see generally Resp. Here, a one sentence conclusion that contains no elaboration/explanation and reflects no consideration of the factors relevant to the flight risk or dangerousness determinations does not support a finding that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a).

The Court therefore finds that Respondents have violated Petitioner's rights under the Due Process Clause by failing to provide him with a constitutionally adequate bond hearing, and habeas relief is appropriate. The Court adds that Petitioner has now been detained for more than six months, and Respondents did not address Petitioner's argument that his prolonged detention also violated his Fifth Amendment due process rights. See Mardanpour v. Warden, Case No.2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026). Although the "typical remedy"

for "unlawful executive detention" is release from custody, Munaf v. Geren, 553 U.S. 674, 693 (2008), here the record establishes Petitioner had a recent conviction for driving under the influence. The Court finds, based on this record, that Respondents have articulated a potentially legitimate interest in Petitioner's continued detention. Therefore, the Court grants habeas relief in the form of a bond hearing by a neutral Immigration Judge to determine whether Petitioner presents a danger to the community or a flight risk.[3] The Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to provide Petitioner Walter Mejias Gamez a bond hearing within seven (7) days, at which the Government bears the burden of proof and must prove by clear and convincing evidence that Petitioner poses a flight risk or danger to the community;
3. In the event the Government fails to meet its burden, bond **SHALL** be set at an amount Petitioner can reasonably afford;
4. If the Government fails to hold a bond hearing within seven (7) days, Petitioner **SHALL** be released;

[3] In conducting the Immigration Judge should be mindful of the limitations described in Zadvydas v. Davis related to indefinite civil detention, i.e. those extending beyond six months where removal is not reasonably foreseeable. 533 U.S. 678 (2001). In such circumstances, the Supreme Court held that "preventing flight" is a "weak or nonexistent" basis to justify further detention. Id. at 690. Similarly, Zadvydas held that dangerousness as a basis for indefinite civil detention has been upheld "only when limited to specially dangerous individuals and subject to strong procedural protections." Id. at 690-91.

5. If Petitioner is released as a result of the bond hearing or failure to hold a bond hearing within seven (7) days, Petitioner **SHALL NOT** be re-detained unless Petitioner commits a crime or absconds, or unless a final order of removal is entered in which case Petitioner may be detained pursuant to 8 U.S.C. § 1231(a)(2)(A); and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE